```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


JAMES JOHNSON                              CIVIL ACTION

VERSUS                                     NO: 11-2773

PPI TECHNOLOGY SERVICES,                   SECTION: R
L.P., PSL, LTD., TRANSOCEAN,
LTD., and AFREN, PLC
```

## ORDER AND REASONS

Before the Court is plaintiff James Johnson's motion to dismiss defendant PPI Technology Services, L.P.'s counterclaim under Federal Rule of Civil Procedure 12(b)(6). Also before the Court is PPI's motion to convert Johnson's motion to dismiss into a motion for summary judgment, and to allow additional time for discovery before deciding that motion. For the following reasons, the Court GRANTS defendant's motion, and defers ruling on plaintiff's motion until the parties undertake the relevant discovery.

## I.   BACKGROUND

This case arises out of an incident aboard the HIGH ISLAND VII, a drilling rig operating off the coast of Nigeria.[1] On November 7, 2010, while plaintiff was employed as a drilling supervisor aboard the rig, Nigerian gunmen boarded the rig to rob

---

[1] R. Doc. 1 at 3.

and/or take hostage its occupants.[2] In the melee, one of the gunmen shot plaintiff in the leg with an AK-47 rifle, causing injuries that required multiple surgeries, a muscle transplant, months of hospitalization, and continuing therapy.[3] Plaintiff alleges, *inter alia*, that the defendants were negligent, that the vessel was unseaworthy, and that PPI is responsible for providing him maintenance and cure benefits based upon general maritime law.[4] PPI, Johnson's alleged employer, has filed a counterclaim[5] against him alleging that a consulting agreement between plaintiff and defendant PSL, Ltd. obligates plaintiff to indemnify, defend, and hold PPI harmless for the injuries plaintiff suffered - effectively precluding Johnson's recovery against PPI.

Two motions now concern that counterclaim. In the first, plaintiff moves the Court to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6).[6] Plaintiff argues that the consulting agreement to which PPI refers in its pleading was amended to remove Johnson as a party to the contract, and that even if Johnson *were* a party, the document violates public

---

[2] *Id.* at 3-4.

[3] *Id.* at 4.

[4] *Id.* at 5-9.

[5] R. Doc. 39.

[6] R. Doc. 46.

policy, is vague and ambiguous, is ineffective for want of consideration, and would create limitless indemnification unrecognized by law. In the second motion, PPI moves the Court to convert plaintiff's motion to dismiss into a motion for summary judgment, and to grant additional time to conduct discovery before deciding plaintiff's motion.[7] Plaintiff opposes both the conversion and defendant's request for additional discovery.[8]

## II. CONVERTING TO A MOTION FOR SUMMARY JUDGMENT

### A. Matters Outside the Pleadings

In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings[9] are

---

[7] R. Doc. 50.

[8] R. Doc. 51.

[9] For further explanation of what constitutes "matters outside the pleadings," *see* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.):
> Most federal courts ... have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion. The same is true for various types of exhibits that are attached to the pleading,

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (finding that the district court properly considered documents not attached to the complaint in ruling on a Rule 12(c) motion). A court also may consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Defendant contends that because plaintiff's motion to dismiss requires the Court to consider materials neither attached to nor referenced in defendant's counterclaim, the Court must convert the motion into one for summary judgment if it is to consider this evidence. Items that plaintiff asks the Court to consider include not only the contract to which PPI refers in its pleading, but also an alleged amendment to that contract and

---

> matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

emails providing a window into its formation - all of which plaintiff has attached to its motion to dismiss.

The Court may consider the original Johnson-PSL contract without converting Johnson's motion to dismiss into a motion for summary judgment, as the contract attached to the motion is of unquestioned authenticity, referred to in the challenged pleading, and integral to PPI's counterclaim.[10] *See* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (consideration of insurance contracts unattached to the complaint was permissible where they were attached to the motions to dismiss, referred to in the complaint, and central to the plaintiffs' claims). But even if it were proper for the Court to consider the alleged *amendment* to the contract, which was neither attached to nor referenced in PPI's pleading, the chain of emails supporting Johnson's contentions about the contract's formation is beyond the scope of the pleadings and is not properly considered on a motion to dismiss.

Furthermore, Johnson asks the Court to consider extraneous materials submitted in opposition to an earlier motion to dismiss that lend support for his assertion that PPI was his employer under the Jones Act. The Court converted the earlier motion to dismiss into a motion for summary judgment after determining

---

10

these materials to be matters outside the pleadings.[11] For similar reasons, if the Court is to consider these materials now, it may do so only after converting plaintiff's motion.

B.  Discretion to Convert

The Court has discretion either to accept these extraneous materials and convert Johnson's motion to dismiss into a motion for summary judgment, or to decide the motion, as plaintiff styled it, under the principles of Rule 12(b)(6). *See Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir. 1988) (recognizing district court's options); 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) ("[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.").

In this case, the Court finds that conversion to summary judgment will "facilitate the disposition of the action" by allowing the Court to resolve questions of Jones Act applicability and choice-of-law upon which Johnson's motion to dismiss depends. *See* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) (recognizing that a district court is likely to

---

[11]  R. Doc. 44 at 9.

accept extra-pleading material and convert a motion to dismiss into a motion for summary judgment when the material is comprehensive and will enable a rational determination of a Rule 56 motion); *Woods v. City of Galveston*, 5 F. Supp. 2d 494, 497 (S.D. Tex. 1998).

### C. Additional Time for Discovery

Finally, PPI requests additional time to conduct discovery before the Court resolves the converted motion for summary judgment. Requests for additional discovery under Rule 56(d) "are generally favored and should be liberally granted, but the movant must demonstrate (1) why he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Chenevert v. Springer*, 431 Fed. Appx. 284, 287 (5th Cir. 2011).

PPI has satisfied its burden. First, as defendant points out, no merits discovery has yet occurred in this case, although this Court has allowed jurisdictional discovery as to every other defendant involved.[12] There is no evidence of dilatory motive from PPI, and its need for discovery is merely a natural consequence of plaintiff's decision to dress a summary judgment motion in 12(b)(6) clothing.

---

[12] R. Doc. 43.

Further, PPI has indicated the subjects upon which it seeks discovery, and how that discovery is likely to create issues of fact. Specifically, PPI has requested discovery concerning: plaintiff's location at the time of contracting (to determine which forum's contracts principles will apply to the agreement); facts supporting plaintiff's allegation of his date of hire (to determine enforceability of the contract); the identities and duties of the other defendants and unnamed parties aboard the pirated vessel, and the Court's jurisdiction over those defendants (to determine whether American law - and thus, the Jones Act - will apply to plaintiff's claims); plaintiff's daily work duties aboard the vessel (to determine whether plaintiff was a seaman); and plaintiff's interaction with the other defendants (to determine whether plaintiff was a borrowed servant). The proposed discovery is reasonable and necessary to resolve plaintiff's motion.

Rather than stay Johnson's motion until the parties have conducted discovery, the Court denies the motion, but will allow plaintiff to refile once the parties undertake the requisite discovery. Oral argument on the motion to dismiss, scheduled for Wednesday, August 1, 2012, is hereby cancelled.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS PPI's motion, and DENIES Johnson's motion, without prejudice, until the parties have completed the requisite discovery. Oral argument on the motion to dismiss is cancelled.

New Orleans, Louisiana, this 27th day of July, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE