```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JAMES JOHNSON                                    CIVIL ACTION

VERSUS                                           NO: 11-2773

PPI TECHNOLOGY SERVICES,                         SECTION: R
L.P., PSL, LTD., TRANSOCEAN,
LTD., and AFREN, PLC

**ORDER**

Before the Court is PSL, Ltd.'s ("PSL") motion to dismiss for insufficient service of process and for lack of personal jurisdiction. The Court denies defendant's motion because service of process was sufficient. Further, the Court denies defendant's motion to dismiss for lack of personal jurisdiction to allow plaintiff to conduct limited jurisdictional discovery.

**I.    BACKGROUND**

This case arises out of an incident aboard the HIGH ISLAND VII, a drilling rig operating off the coast of Nigeria.[1] On November 7, 2010, while plaintiff was employed as a drilling supervisor aboard the rig, Nigerian gunmen boarded the rig to rob and/or take hostage its occupants.[2] In the melee, one of the gunmen shot plaintiff in the leg with an AK-47 rifle, causing injuries that required multiple surgeries, a muscle transplant,

---

[1]   R. Doc. 1 at 3.

[2]   *Id.* at 3-4.

months of hospitalization, and continuing therapy.[3] Plaintiff alleges, *inter alia*, that the defendants were negligent, that the vessel was unseaworthy.[4]

Defendant, PSL, is a Belizean registered entity. PSL now moves to dismiss on two grounds: (1) that service of process was insufficient and (2) that this Court lacks personal jurisdiction.[5] For the following reasons, defendant's motion is denied.

**II.   STANDARD**

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* A district court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor,* 788 F.2d 1115, 1116 (5th Cir. 1986).

Federal Rule of Civil Procedure 4(h)(2) provides that service of corporations, partnerships, or associations not within any judicial district of the United States may be made in "any

---

[3]   *Id.* at 4.

[4]   *Id.* at 5-9.

[5]   R. Doc. 81.

manner prescribed by Rule 4(f)" excluding personal delivery. Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides that service may be effected in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention") provides that each signatory country shall establish a Central Authority which receives judicial documents and serves them on parties within the country according to that country's law. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 2, 5, Nov. 15, 1965, 20 U.S.T. 362.

Service through the Central Authority is not the sole service method permitted by the Hague Service Convention. *See Eplus Tech., Inc. v. Aboud*, 155 F. Supp. 2d 692, 696-97 (E.D. Va. 2001) (outlining the alternative methods of service provided by the Hague Convention). One alternative is provided by Article 19: "To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions." Hague Service Convention, art. 19, 20

3

U.S.T. 362.

The majority of courts interpreting Article 19 hold that if a country's internal law expressly authorizes a service method, use of that method would comply the Hague Service Convention. *See, e.g.*, *Eplus Tech.*, 155 F. Supp. 2d at 700; *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1279-80 (S.D. Fla. 1999) (holding that Article 19 permits service methods expressly provided for by another country and permits service methods that are not contrary a country's laws even though the methods are not explicitly authorized by the other country); *EOI Corp. v. Med. Mkt. Ltd.*, 172 F.R.D. 133, 136 (D.N.J. 1997)("Article 19 provides for service by any means envisioned by the internal laws of the country in which service is made."); *Pennebaker v. Kawasaki Motors Corp., U.S.A.*, 155 F.R.D. 153, 156 (S.D. Miss. 1994); *Brankston v. Toyota Motor Corp.*, 889 F.3d 172, 173 (8th Cir. 1989); *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981) (noting that the Hague Service Convention "allows service to be effected without utilizing the Central Authority as long as the nation receiving service has not objected to the method used").

A minority of courts, however, have held that the Article 19 applies only when the country receiving service explicitly provides for a service method for documents coming from other countries. *See, e.g.*, *GMA Assocs., Inc. v. BOP, LLC*, No. 07 Civ.

4

3219(PKC)(DCF), 2009 WL 2856230, at *3-5 (S.D.N.Y. Aug. 28 2009); *Humble v. Gill*, No. 11:08-cv-00166-JHM-ERG, 2009 WL 151668, at *2-3 (W.D. Ky. Jan. 22, 2009).

It is unnecessary for this Court to take sides in this dispute because, as discussed below, the Belizean Rules of Civil Procedure expressly authorize the service method plaintiff used in this case and make no distinction between service effected from abroad and service effected from within Belize. *See* Belize R. Civ. P. 5.7(b).

**III. DISCUSSION**

    **A.    Service of Process**

Defendant is a Belizean registered entity, with its principal office located in Belize City, Belize.[6] Both the United States and Belize have joined the Hague Service Convention. *Status Table*, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Oct. 4, 2012). Defendant objects to service in this case because service was not effected by the Belizean Central Authority. Instead, plaintiff served a copy on the defendant's registered business office.[7] Importantly, the Belizean Rules of Civil Procedure provide that: "Service on a limited company or a limited liability company may be effected . . . by leaving the

---

    [6]    R. Doc. 81-2 at 1.

    [7]    R. Doc. 59 at 2.

claim form at the registered office of the company." Belize R. Civ. P. 5.7(b). Because Belize recently joined the Hague Service Convention, there is no reason to interpret this service rule to apply only to service effected by Belizean citizens. Instead, while the Belizean Rules of Civil Procedure outline the procedures for serving process outside of Belize, they make no such distinction when providing for service methods effected within Belize. *Compare* Belize R. Civ. P. 5.7(b), *with* Belize R. Civ. P. 7.1-714. Belizean law, therefore, expressly provides for the method of service plaintiff used in this case.

Accordingly, plaintiff has complied with the Hague Service Convention pursuant to Article 19, and complied with Rules 4(h)(2) and (4)(f)(1). Therefore, defendant's motion to dismiss for insufficient service is denied.

### B.    **Personal Jurisdiction**

The Court denies defendant's motion to dismiss based on lack of personal jurisdiction in order to allow plaintiff to conduct limited jurisdictional discovery. The Court grants plaintiff 45 days from the entry of this Order in which to conduct limited jurisdictional discovery. The parties are instructed to consult immediately and reach an agreement regarding the scope of the jurisdictional discovery and the necessity of a Confidentiality Order. To the extent the parties cannot reach an agreement, they are directed to contact

Magistrate Judge Knowles's chambers to schedule a conference in order to resolve the matter. Upon completion of jurisdictional discovery, defendant may refile motions challenging this Court's jurisdiction, plaintiff's choice of venue, or the sufficiency of plaintiff's allegations. In response, plaintiff shall state specifically the basis for subject matter jurisdiction invoked, as well as the facts supporting his assertions. Plaintiff also shall set forth the facts supporting specific or general personal jurisdiction against each defendant. If defendants again move for dismissal based on plaintiff's choice of an improper venue or his failure to state a claim, plaintiff must respond to these challenges, as well.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for insufficient service is denied. Defendant's motion to dismiss for lack of personal jurisdiction is also denied to allow for limited jurisdictional discovery. Defendant may refile Rule 12 motions in accordance with this Order.

New Orleans, Louisiana, this 16th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE