# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JOHNSON | CIVIL ACTION |
| VERSUS | NO. 11-2773 c/w 12-1534 |
| PPI TECHNOLOGY SERVICES, L.P., ET AL. | SECTION "R" (3) |

## REPORT AND RECOMMENDATION

On October 3, 2012, PPI Technology Services, L.P.'s Objections to Rule 26 Initial Disclosures [Doc. #65] and the Objection to Rule 26 Disclosures [Doc. #69] came on for oral hearing before the undersigned.[1] Present were Timothy Young on behalf of plaintiff, Kevin Marks and Nathan Orf on behalf of defendant PPI Technology Services, L.P. ("PPI"), and Charles Colvin on behalf of defendants Transocean Ltd. ("Transocean") and GlobalSantaFe Offshore Services, Inc. ("GlobalSantaFe") After the oral hearing, the Court took the objections under advisement. Having reviewed the objections, the opposition and the case law, the Court rules as follows.

PPI objects to initial disclosures as premature. PPI notes that no defendant has been served with regard to the consolidated lawsuit, and PPI limits its presence here with regard to the Johnson lawsuit only. PPI further notes that it argues that this Court is an improper venue for the

---

[1] The District Court referred the objections to this Court. [Doc. ##68 & 70]. Defendant Afren PLC also filed objections, but plaintiff voluntarily dismissed Afren on September 21, 2012. [Doc. ##79 & 80].

adjudication of Johnson's claims, and unresolved personal jurisdiction issues exist with regard to numerous co-defendants. Defendants are currently engaged in limited jurisdictional discovery, after which they will again move for dismissal. PPI thus argues that initial disclosures are premature and unduly burdensome.

Transocean and GlobalSantaFe also object to initial disclosures on the ground that various objections to personal jurisdiction and venue remain outstanding, and numerous defendants appear only for that purpose.

Plaintiff notes that the District Court has already denied PPI's motion on the ground of forum non conveniens and under Federal Rule of Civil Procedure 12(b)(6). In addition, plaintiff notes that PPI is registered with the Louisiana Secretary of State to conduct business here. Plaintiff thus contends that PPI is a viable defendant and, thus, its argument that another defendant may be dismissed on the ground of personal jurisdiction is irrelevant.

Plaintiff contends that Transocean and GlobalSantaFe must still produce initial disclosures even though they have filed motions to dismiss for lack of jurisdiction. Plaintiff argues that some of the disclosures may actually bear on jurisdiction. With respect to GlobalSantaFe, plaintiff notes that it employs over 40 individuals in Louisiana. Counsel contends that he has previously deposed an employee of Transocean. That employee testified that Transocean uses GlobalSantaFe as its employment entity for employees in the Gulf of Mexico. Each employee thus received a W-2 form from GlobalSantaFe. Plaintiff also notes that this entity's headquarters is in Houston, Texas.

With regard to PPI, the objection is overruled. There is no dispositive motion pending before the District Court that addresses the personal jurisdiction or lack thereof of PPI. Indeed, the District Court denied PPI's motion to dismiss on May 22, 2012. [Doc. #44]. There is no case law to support

2

PPI's argument that initial disclosures are premature as to it. Accordingly, PPI's objection is overruled.

The District Court also denied Transocean's and GlobalSantaFe's motions to dismiss for lack of personal jurisdiction to allow plaintiff to conduct limited jurisdictional discovery. [Doc. #43]. Transocean and GlobalSantaFe have since re-urged their motion to dismiss. [Doc. #64]. At the oral hearing, counsel stated several times that the production of initial disclosures may constitute a general appearance, thus resulting in the waiver of personal jurisdiction. The Court finds that the case law does not support this argument. *See, e.g., Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 Fed. Appx. 376 (5th Cir. 2004) (finding that party did not waive objection to personal jurisdiction by providing initial disclosures, filing motion to strike jury demand and some discovery, but not filing counterclaims or seeking adjudication on merits); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1015 (D. Kan. 2006) (holding that defendants did not actively participate in litigation to extent of waiving right to challenge personal jurisdiction when their activities were limited to serving initial disclosures, attending pretrial conference, and joining in motion to strike).

Notwithstanding this finding, however, the United States Court of Appeals for the Fifth Circuit and this Court have on numerous occasions upheld a stay and/or stayed discovery pending the resolution of a dispositive motion to conserve the resources of the parties. *See Enplanar Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088 (5th Cir. 1994) (unpublished) (holding that the district court did not abuse its discretion in declining to grant additional discovery pending the determination of the motion to dismiss); *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990) (finding in an ERISA case that there was no abuse of discretion in an order staying discovery

pending the resolution of dispositive motions); *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1030 (5th Cir. 1983) (noting that district judge may exercise his discretion to prevent the plaintiff from burdening defendant with a needless round of discovery); *Dresser v. MEBA Med. & Benefits Plan*, Civ. A. No. 08-2662, 2008 WL 2705584 (E.D. La. July 10, 2008) ("Under the circumstances presented, there can be no abuse of discretion in ordering a brief temporary stay of discovery pending the determination of the defendant's dispositive motion."); *Parish of Jefferson v. La. S. Recovery Mgmt., Inc.*, No. Civ. A. 96-0230, 1996 WL 144400 (E.D. La. Mar. 27, 1996) (vacating the magistrate judge's order denying defendant's motion to stay discovery and citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) for the proposition that "it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined").

With regard to Transocean and GlobalSantaFe and under the circumstances present here, the Court finds that the production of initial disclosures is premature pending the resolution of their motion to dismiss. The motion to dismiss is soon set for submission before the District Court on October 10, 2012. In addition, the discovery deadline is August 13, 2013, and trial is set on September 30, 2013, nearly a year away. A temporary stay of the production of initial disclosures will prejudice no one here.

For the foregoing reasons,

**IT IS RECOMMENDED** that PPI Technology Services, L.P.'s Objections to Rule 26 Initial Disclosures [Doc. #65] be OVERRULED.

**IT IS FURTHER RECOMMENDED** that the Objection to Rule 26 Disclosures [Doc. #69] be SUSTAINED.

4

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 18th day of October, 2012.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**