```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

JAMES JOHNSON                                    CIVIL ACTION

VERSUS                                           NO: 11-2773

PPI TECHNOLOGY SERVICES,                         SECTION: R
L.P., PSL, LTD., TRANSOCEAN,
LTD., and AFREN, PLC


## ORDER AND REASONS

Before the Court is defendant PPI Technology Services, L.P.'s motion to dismiss plaintiff Robert Croke's claims against it under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to dismiss on the grounds of *forum non conveniens*. For the following reasons, defendant's motion is denied in part and granted in part.

### I.   BACKGROUND

This case arises out of an incident aboard the HIGH ISLAND VII, a drilling rig operating off the coast of Nigeria.[1] On November 7, 2010, while plaintiff was employed aboard the rig, Nigerian gunmen boarded the rig to rob and/or take hostage its occupants.[2] The Nigerian gunmen took Croke hostage and Croke suffered a foot injury during the corse of the siezure.[3]

---

[1]   R. Doc. 1 at 3.

[2]   *Id.* at 3-4.

[3]   R. Doc. 97 at 2.

Plaintiff alleges, *inter alia*, that the defendants were negligent, that the vessel was unseaworthy, and that PPI is responsible for providing him maintenance and cure benefits based upon general maritime law.[4]

Defendant PPI moves for dismissal under Federal Rule of Civil Procedure 12(b)(6).[5] It contends that it neither employed Croke at the time of the incident, nor owed him any duty of care with respect to operations aboard the rig. PPI contends that Croke was employed by Vagabond Services, Ltd. ("Vagabond"), which was an independent contractor of PSL, a Belizean entity with which PPI had contracted.[6] As evidence, PPI attaches to its motion a contract between Vagabond and PSL, which states:

> The parties agree and acknowledge that [Vagabond] is not an employee of [PSL] for any purpose whatsoever, but that [Vagabond] shall be considered at all times an independent [c]ontractor. . . . [Vagabond] shall have the sole control over the manner and means of performance under this [a]greement.[7]

Croke, meanwhile, contends that PPI was the borrowing employer of Mr. Croke, because PPI controlled all aspects of his work.[8]

---

[4]   *Id.* at 5-9.

[5]   R. Doc. 7.

[6]   R. Doc. 92-1 at 4.

[7]   R. Doc. 92-3 at 4.

[8]   R. Doc. 97 at 5.

PPI also moves the Court, in the alternative, to dismiss for *forum non conveniens*, arguing that a Nigerian court is the more appropriate forum for this litigation. Croke opposes this alternative grounds for dismissal.

## II.  *FORUM NON CONVENIENS*

The doctrine of *forum non conveniens* essentially allows a court to decline jurisdiction and dismiss a case, even when the case is properly before the court, if the case may be tried in another forum more conveniently. In re *Volkswagen of America, Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). The doctrine "rests upon a court's inherent power to control the parties and the cases before it and to prevent its process from becoming an instrument of abuse or injustice." In re *Air Crash Disaster Near New Orleans v. Pan American World Airways, Inc.*, 821 F.2d 1147, 1153-54 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom.*, *Pan Am World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated on other grounds*, 883 F.2d 17 (5th Cir. 1989) (en banc). The doctrine allows dismissal of a case "because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." In re *Volkswagen*, 545 F.3d at 313 n.8 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Because the doctrine "not

only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but [also] makes it possible for him to lose out completely," it is subject to "careful limitation." *Id.*

In deciding a motion to dismiss for *forum non conveniens*, a court is not limited to the allegations in the complaint, but may consider all of the evidence before it. *See Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 158-59 (2d Cir. 1980) (en banc) ("[I]t is the well established practice ... to decide [*forum non conveniens*] motions on affidavits."); *Farhang v. Indian Inst. of Tech.*, 2012 U.S. Dist. LEXIS 3969, at *26 (N.D. Cal. 2012) (On *forum non conveniens* motion, allegations in complaint need not be accepted as true and court may consider evidence outside the pleadings); *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 419 (E.D.N.Y. 2009) (relying on the complaint, affidavits, and exhibits, and not presuming all facts pleaded to be true); *Construtora Norbeto Oderbrecht S.A. v. GE*, 2007 U.S. Dist. LEXIS 79219, at *3 (S.D.N.Y. 2007) (same).

In analyzing whether a case should be dismissed for *forum non conveniens,* the Court must first determine whether an alternative forum exists that is both *available* and *adequate*. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000); 14D Wright & Miller, *Fed. Prac. & Proc. Juris*. § 3828.3 (3d ed.) ("Although some courts conflate these issues, the

availability and adequacy of the supposed alternative forum are better seen as raising independent issues that warrant separate consideration by the court."). A forum is available if "the entire case and all parties can come within the jurisdiction of that forum." *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002) (citing In re *Air Crash Disaster*, 821 F.2d at 1165). A forum is adequate if the parties will not be deprived of all remedies or treated unfairly. *See Alpine View*, 205 F.3d at 221. If the defendant shows that an adequate alternative forum exists, the court must then consider whether certain private and public interest factors weigh in favor of dismissal. *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001). The defendant bears the burden of persuading the court that a lawsuit should be dismissed on grounds of *forum non conveniens*. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).

Most American courts have found Nigeria to be an adequate forum in the *forum non conveniens* context.[9] It is true that

---

[9] In *BFI Group Divino Corp. v. JSC Russian Aluminum*, 298 Fed. Appx. 87 (2d Cir. 2008), a California corporation was solicited by the Nigerian government to submit a bid for the purchase of a Nigerian government-owned company. *Id.* at 88. When the deal fell apart, BFI sued the Nigerian Bureau of Public Enterprises in Nigerian court, and sued a Russian company in the Southern District of New York for interfering with the contract. *Id.* at 88-89. The Russian company sought a *forum non conveniens* dismissal to litigate all claims in Nigeria. *Id.* at 89. In part because the defendants agreed to be subject to service of process in Nigeria and submit to the jurisdiction of the Nigerian courts, the American court found a Nigerian forum available and adequate, and granted the dismissal. *Id.*

"defendants bear the burden of proof on all elements of the *forum non conveniens* analysis," *DTEX*, 508 F.3d at 794, but court decisions nationwide indicate that a defendant may easily establish the adequacy of an alternative forum. *See* 14D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3828.3 (3d ed.) (collecting

---

In *Chiazor v. Transworld Drilling Co.*, 648 F.2d 1015 (5th Cir. 1981), the Fifth Circuit affirmed a *forum non conveniens* dismissal of a suit brought by the representatives of a Nigerian citizen who died as a result of injuries sustained while working on a submersible drilling rig off the Nigerian coast. *Id.* at 1016. The Fifth Circuit found dismissal warranted in large part because the decedent, his representatives, and the defendant were all Nigerian, and Nigerian law would apply to the dispute. *Id.* at 1019.
   In *United Bank for Afr. PLC v. Coker*, 2003 U.S. Dist. LEXIS 20880 (S.D.N.Y. 2003), the Southern District of New York court dismissed counterclaims brought by a former bank manager against his Nigerian bank employer. *Id.*, at *2-3. The court recognized that the Nigerian forum was adequate to litigate the subject matter of the libel counterclaim, since Coker himself had sued the Nigerian bank *in Nigeria* in two closely related pending actions. *Id.*, at *11.
   *Abdullahi v. Pfizer, Inc.*, 2005 U.S. Dist. LEXIS 16126 (S.D.N.Y. 2005), involved a class action brought on behalf of Nigerian residents alleging that pharmaceutical company Pfizer, in order to expedite FDA approval of a new drug, used the unproven antibiotic to treat bacterial meningitis, measles, and cholera outbreaks in Kano, Nigeria. *Id.*, at *1. Critically, Pfizer had agreed to litigate these claims in Nigeria, accept service of process in Nigeria, and waive any res judicata and statute of limitations defenses that may have matured since the complaints were filed in American court. *Id.*, at *15.
   Finally, in *Aracruz Trading Ltd. v. Japaul Oil & Mar. Servs., PLC*, 2009 U.S. Dist. LEXIS 20868 (S.D.N.Y. 2009), plaintiff was a Marshall Islands company with Greek offices suing a Nigerian corporation for its negligent towing of a wrecked vessel resulting in a collision with and damage to plaintiff's anchored vessel. *Id.*, at *1. Because plaintiff was not American, the court afforded it a lower degree of deference in selecting an American forum than an American plaintiff would have enjoyed. *Id.*, at *7.

cases). Considerations of comity may underlie these decisions. *Cf. Chesley v. Union Carbide Corp.*, 927 F.2d 60, 66 (2d Cir. 1991) ("It is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation. Such an approach would directly conflict with the principle of comity[.]"). Accordingly, the Court finds that PPI has demonstrated the adequacy of an alternative forum in Nigeria.

Just as in its previous motion,[10] PPI has failed, however, to demonstrate that an alternative forum in Nigeria is *available* to resolve this dispute. PPI does not make an argument for availability; instead, it simply asserts that Croke's Canadian citizenship supports invoking *forum non convieniens*. But the citizenship of the plaintiff does not impact the availability analysis. Here, American defendant PPI has not stipulated to jurisdiction in Nigeria, nor has it made itself available for service of process there. Indeed, PPI has previously indicated its *refusal* to submit to the jurisdiction of a Nigerian court.[11] The Court finds that defendant has therefore failed to meet its burden. *See, e.g., Home Decor of Elmwood Oaks, LLC v. Jiyou Arts & Frames Co.*, 2009 U.S. Dist. LEXIS 13335, at *14-15 (E.D. La. 2009) (finding that defendant failed to satisfy its burden of

---

[10]   R. Doc. 44.

[11]   R. Doc. 35-2 at 7 n.10.

demonstrating the availability of a Chinese forum when it failed to waive any jurisdictional defenses); 14D Wright & Miller, *Fed. Prac. & Proc. Juris*. § 3828.3 (3d ed.) ("[Q]uestions of service of process properly are considered by the court in connection with the availability inquiry."). Because a foreign forum must be both adequate and available for a court to dismiss for *forum non conveniens*, the Court need not consider the public and private interest factors. PPI's motion to dismiss for *forum non conveniens* is denied.

**III. MOTION TO DISMISS UNDER RULE 12(b)(6)**

**A.     Treatment as a Motion for Summary Judgment**

In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings[12] are

---

[12]     For further explanation of what constitutes "matters outside the pleadings," *see* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.):
>  Most federal courts ... have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion. The same is true for various types of exhibits that are attached to the pleading,

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (finding that the district court properly considered documents not attached to the complaint in ruling on a Rule 12(c) motion). The court also may consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

Defendant has attached to its motion to dismiss the agreement between Vagabond and PSL,[13] the agreement among PSL, PPI, and PPI Technology Services, Nigeria, Ltd. ("PPIN"),[14] and the agreement between PPIN and Afren Energy Services, Ltd.

---

matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

[13]   R. Doc. 92-3.

[14]   R. Doc. 92-4.

("Afren").[15] The documents are *not* explicitly referred to in plaintiff's complaint and do not "merely assist[] the plaintiff in establishing the basis of the suit[.]" *Collins*, 224 F.3d at 499. Plaintiff also has attached numerous documents to his opposition that "provide[] some substantiation for and do[] not merely reiterate what is said in the pleadings." 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) (recognizing that such materials are typically treated as matters outside the pleadings). The Court, in considering these materials, will convert defendant's motion to dismiss into a motion for summary judgment. *See Corsair v. Stapp Towing Co.*, 228 F. Supp. 2d 795, 798 (S.D. Tex. 2002) (considering contractual provision attached to defendant's motion to dismiss to be a matter outside the pleadings, and converting the motion into one for summary judgment). Because both parties have submitted material outside of the pleadings, both parties had adequate notice that the Court could convert the motion. *Guiles v. Tarrant Cnty. Bail Bond Bd.*, 456 Fed. App'x 485, 487 (5th Cir. 2012) ("A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review.").

---

[15] R. Doc. 92-5.

**B.     Summary Judgment Standard**

Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by

either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**C.   Discussion**

Croke acknowledges that PPI did not own the rig and has abandoned his unseaworthiness claim against PPI.[16] PPI is therefore entitled to summary judgment on this ground.

PPI contends that because it neither employed Croke at the time of the incident, nor owed him any duty of care with respect to operations aboard the rig, Croke does not have any valid legal claims against PPI. Indeed, an employer-employee relationship is essential for recovery under the Jones Act. *See Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 790-91 (1949); *Scarborough v. Clemco Industries*, 391 F.3d 660, 667 (5th Cir. 2004). It is also necessary to recover maintenance and cure benefits. *See Cortes v. Baltimore Insular Line*, 287 U.S. 367, 371 (1932); *Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 279 (5th Cir. 2007). For purposes of recovery, it may be possible to have more than one Jones Act employer. *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980); *Cordova v. Crowley Marine Servs.*, 2003 U.S. Dist. LEXIS 13567, at *8 (E.D. La. 2003). Further, employer status is not contingent upon ownership of the vessel on which the plaintiff worked. *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157 (5th Cir. 1972).

---

[16]   R. Doc. 97 at 4.

13

The Fifth Circuit has noted that "control is the critical inquiry" in determining whether a party is an employer under the Jones Act. *See Volyrakis v. M/V Isabelle*, 668 F.2d 863, 866 (5th Cir. 1982), *overruled on other grounds by* In re *Air Crash Disaster*, 821 F.2d 1147. It has explained that the "factors indicating control over an employee include payment, direction, and supervision of the employee[,]" as well as "the source of the power to hire and fire." *Id.* "The control [that] is exercised must be substantial[,]" and the "mere possibility of some control over the actions of an employee will not suffice to find an employer-employee relationship." *Id.* Other courts in this district, recognizing an oft-approved Fourth Circuit case as providing additional guidance, have looked to the degree of control exercised over the details of the operation, the amount of supervision, the amount of investment in the operation, the method of payment, and the parties' understanding of the relationship. *Cordova*, 2003 U.S. Dist. LEXIS 13567, at *8-9 (citing *Wheatley v. Gladden*, 660 F.2d 1024, 1026 (4th Cir. 1981) (discussing factors in the context of Jones Act claim and claim for maintenance and cure)). No one factor is determinative, and courts are instructed to look to the "venture as a whole." *See Cosmopolitan Shipping*, 337 U.S. at 795.[17]

---

[17] The core of plaintiff's allegations is that PPI was his direct employer. The Court need not engage in an in-depth evaluation of the factors considered to determine whether an

PPI argues in its motion to dismiss that plaintiff was never an employee of PPI but was rather an employee of Vagabond, which was itself an independent contractor of PSL, the Belizean entity with which PPI contracted. Attached to its motion, PPI provides the agreement between Vagabond and PSL in which the parties agreed that Vagabond was to be considered an independent contractor for all purposes. This contract is not determinative of plaintiff's status, however, as the Supreme Court has held that "such words as employer, agent, [and] independent contractor are not decisive" in determining who is a Jones Act employer. *See Cosmopolitan Shipping*, 337 U.S. at 795. Further, PPI alleges that it did not conduct the operational activities and only provided "technical, accounting, legal, marketing, administrative and logistical support" as outlined in its contract with PSL and PPIN.[18] But the contract itself indicates that PPI's services were broader, as PPI was required to provide, *inter alia*, engineering and technical support to PPIN's operations such as

---

employee is a borrowed servant. *See Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969) (setting forth the factors). In any event, the two inquiries are related and focus on factors like control over the worker, the right to terminate, the length of the relationship, and the employee's acquiescence in the borrowing. Sufficient issues of fact preclude summary judgment on this record, however PPI casts its argument.

[18]   R. Doc. 92-4 at 1.

engineering support, project management support, quality assurance, material sand logistical support, and training.[19]

Croke submits an affidavit[20] detailing his extensive involvement with PPI personnel during the hiring process, during his employment aboard the rig. According to Croke, his interactions with PPI began in 2010 when a representative of PPI informed him that he was hired and instructed him to contact another PPI representative, Sarah Birkline, regarding the details of the employment. Birkline spoke with Croke on several occasions, each time from the Houston-based phone number. Croke asserts that PPI arranged and paid for his air travel to Nigeria, his work VISA, his hotel accommodations there, and his transportation to and from the heliport (where the helicopter would fly him to the rig).

Croke maintains that when he worked aboard the rig, he was required to send daily written reports to PPI employees Gallan Williams and Jack Rankins that detailed the drilling activities of the last 24-hour period. He was provided with an "ppitech.net" email address and would converse via telephone or email with Williams and Rankins each day. Croke says he did not take any action aboard the rig without first receiving instruction from PPI employees Williams, Rankin, or Ron Thomas. Croke contends

---

[19] *Id.*

[20] R. Doc. 97-1; R. Doc. 101-1.

that these men could have fired him at any time if he did not follow their drilling instructions precisely. He asserts that Thomas provided him with drilling plans regarding the directional drilling aspects of the well. During the length of his employment, Croke states that he and other drilling supervisors were commonly referred to as PPI Tech employees.

Some of Croke's affidavit is corroborated by supporting evidence,[21] and PPI has done nothing to rebut or explain Croke's contentions. As there is evidence that PPI personnel directed and supervised Croke, hired him, and led him to believe that he was indeed a PPI employee (notwithstanding his contract with Vagabond), the Court finds myriad factual issues concerning Croke's relationship with PPI that make summary judgment on this record unwarranted.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED with respect to plaintiff's seaworthiness claim, but DENIED in all other respects.

New Orleans, Louisiana, this 6th day of November, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[21] R. Docs. 97-2.