UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JOHNSON | CIVIL ACTION |
| VERSUS | NO. 11-2773 |
| PPI TECHNOLOGY SERVICES, L.P., ET AL. | SECTION "R" (3) |

## ORDER

On August 15, 2013, the Motion to Compel Discovery Responses [Doc. #235] came on for oral hearing before the undersigned.  Present were Timothy Young on behalf of plaintiffs and third-party defendant Global Oil Consulting, L.L.C. and Kevin Marks, Nathan Orf, Ann Robertson and Charles Colvin on behalf of various defendants.  After the oral hearing, the Court took the motion under advisement.  Having reviewed the motion, the opposition and the case law, the Court rules as follows.

As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  Here, defendant PPI Technology Services, L.P. ("PPI") propounded the discovery requests on plaintiffs and third-party defendant on May 2, 2013.  As of the date of the oral hearing (August 15, 2013), plaintiffs and third-party defendant had yet to respond.  The first notice that PPI had that plaintiffs objected to its discovery requests was when plaintiffs filed their opposition to the motion on July 23, 2013.  The Court finds that the general rule thus applies here, and plaintiffs and

third-party defendant have waived their objections to the discovery requests.

Notwithstanding this ruling, however, the Court will limit several of PPI's discovery requests temporally as it finds that they are overbroad in this respect.  With respect to Robert Croke, the Court limits Request for Production No. 23 to five (5) years.  With respect to Global Oil Consulting, L.L.C. ("Global"), the Court limits Interrogatory Nos. 4, 5, and 14 and Request for Production Nos. 2, 3 and 8 to three (3) years.  With respect to James Johnson, the Court limits Request for Production No. 29 to five (5) years and Request for production No. 35 to two (2) years.

In addition, the Court will sustain – at this time – Croke's objection to Request for Production No. 32 and Johnson's objection to Request for Production No. 38.  Courts have recognized that social networking site ("SNS") content may be subject to discovery under Federal Rule of Civil Procedure 34.  *Davenport v. State Farm Mut. Auto. Ins. Co.*, 3:11–CV–632–J–JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb.21, 2012); *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 567 (C.D. Cal. 2012); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 2012 WL 179320, at *2 (E.D. Mich. Jan.18, 2012).  "Generally, SNS content is neither privileged nor protected by any right of privacy."  *Davenport*, 2012 WL 555759 at *1; *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2.  However,

> even though certain SNS content may be available for public view, the Federal Rules do not grant a requesting party 'a generalized right to rummage at will through information that [the responding party] has limited from public view' but instead require 'a threshold showing that the requested information is a discovery request must still be reasonably calculated to lead to the discovery of admissible evidence.'

*Mailhoit*, 285 F.R.D. at 570 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2); *see also Davenport*, 2012 WL 555759 at *1; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, 2007 WL 119149, at *7 (D. Nev. Jan.9, 2007) ("Ordering . . . release of all of the private email

messages on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable."); Fed. R. Civ. P. 26(b)(1). "Otherwise, the Defendant would be allowed to engage in the proverbial fishing expedition, in the hope that there might be something of relevance in Plaintiff's [SNS] account[s]." *Davenport*, 2012 WL 555759 at *1 (quoting *Tompkins*, 278 F.R.D. 387, 2012 WL 179320, at *2).

PPI has not made a sufficient predicate showing that the broad nature of the material that it seeks is reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Tompkins*, 278 F.R.D. at 388 (finding that defendant in slip and fall case who sought Facebook postings and photographs failed to establish relevancy of material where the material was not necessarily inconsistent with the plaintiff's injury claims). Simply placing their mental and physical conditions at issue is not sufficient to allow PPI to rummage through Johnson's or Croke's social media sites. Almost every plaintiff places his or her mental or physical condition at issue, and this Court is reticent to create a bright-line rule that such conditions allow defendants unfettered access to a plaintiff's social networking sites that he or she has limited from public view. PPI may be able to meet its threshold burden at a later date and after receipt of some discovery responses, and this Order reserves its right to re-propound the requests at a later date.

The Court further notes that nothing in this Order precludes Johnson, Croke or Global from asserting the attorney-client and/or work-product privileges. PPI may then challenge the assertion of such privileges, should circumstances so warrant.

For the foregoing reasons,

**IT IS FURTHER ORDERED** that Motion to Compel Discovery Responses [Doc. #235] is GRANTED IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 22nd day of August, 2013.

                                        */s/ Daniel E. Knowles, III*
                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**