```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JAMES JOHNSON                               CIVIL ACTION

VERSUS                                      NO: 11-2773 c/w
                                            12-1534

                                            APPLIES TO 12-1534


PPI TECHNOLOGY SERVICES,                    SECTION: "J" (3)
L.P., et al
```

**ORDER & REASONS**

Before the Court are Defendant PPI Technology Services, LP ("PPI")'s **Motion for Summary Judgment on Application of Foreign Seaman Exclusion to Claims of Robert Croke (Rec. Doc. 310)** and Defendants GlobalSantaFe Offshore Service, Inc. ("GlobalSantaFe") and Transocean Offshore Deepwater Drilling, Inc. ("TODDI")'s **Motion for Summary Judgment on Application of Foreign Seaman Exclusion to Claims of Robert Croke (Rec. Doc. 320),** Consolidated Plaintiff Robert Croke ("Croke")'s opposition memoranda **(Rec. Docs. 331 & 332)**, and PPI and GlobalSantaFe/TODDI's reply memoranda. **(Rec. Docs. 343 & 345)** PPI, GlobalSantaFe, and TODDI (collectively, "Defendants")'s motions were set for hearing on February 12, 2014, on the briefs. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendants' motions should be **GRANTED** for the reasons set forth more fully below.

1

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of claims for maintenance and cure, unseaworthiness, and negligence brought under general maritime law and the Jones Act. Plaintiff James Johnson ("Johnson") filed suit on November 8, 2011, naming as Defendants AFREN, PLC ("AFREN"), PPI, PSL, Ltd. ("PSL"), and Transocean, Ltd. ("Transocean"). Following the filing of the original complaint, Johnson added GlobalSantaFe as a Defendant. Johnson's case was consolidated with Robert Croke ("Croke")'s related case on June 20, 2012. Since the filing of Croke's original complaint, AFREN has been voluntarily dismissed from the suit, and Croke has dismissed the unseaworthiness cause of action that he asserted against PPI. (Rec. Docs. 80, 109)

Croke's complaint asserts that on November 8, 2010, he was working as a seaman on the HIGH ISLAND VII, a mobile rig located approximately twelve miles off of the Nigerian coast. Plaintiff alleges that at approximately 12:30 a.m., Nigerian gunmen boarded the rig and took the crew hostage. Croke alleges that he was slapped and beaten by the gunmen and, eventually, shot in the foot. He reports that the gunmen took him with them when they left the rig and that he was held hostage and tortured for ten days. After his rescue, Croke underwent two surgeries on his foot, and he alleges that he continues to suffer mental and emotional damages as

well as physical injury. Croke is, and at all relevant times was, a citizen and permanent resident of Canada. While working on the HIGH ISLAND VIII, Croke was a "directional drilling supervisor." The path that led him to this position is somewhat protracted as there are many subcontracts involved. Croke, through his company Robert Croke Directional, Ltd., contracted with MOJO Directional Corporation, who pursuant to a consulting agreement with PSL, tendered Croke to PSL. PSL then tendered Croke to PPI Nigeria Limited; and, finally, PPIN tendered Croke to AFREN Nigeria to perform services on the HIGH ISLAND VII of the coast of Nigeria.

PPI filed the instant motion on January 6, 2014, and GlobalSantaFe and TODDI jointly filed a motion in which they adopted PPI's arguments on January 24, 2014. Croke filed his response on February 4, 2014, and the Defendants filed reply memoranda on February 11, 2014.

## PARTIES' ARGUMENTS[1]

Defendants argue that 46 U.S.C. § 30105(b)[2] applies to bar

---

[1] GlobalSantaFe and TODDI adopt PPI's motion in its entirety and make no other argument of its own. Therefore, the Court will treat the motions as one motion.

[2] The statute reads, in pertinent part:

**(b) Restriction.**--Except as provided in subsection (c), a civil action for maintenance and cure or for damages for personal injury or death may not be brought under a maritime law of the United States if–

**(1)** the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action;

**(2)** the incident occurred in the territorial waters or waters

both Croke's Jones Act claims and his claims brought under United States general maritime law. In response, Croke admits that he would ordinarily be barred from bringing his Jones Act and general maritime claims in courts of the United States under 46 U.S.C. § 30105(b) because (1) he is a citizen and permanent resident of Canada, (2) the incident occurred in Nigerian territorial waters and/or in waters overlaying the Nigerian continental shelf, and (3) he was providing directional drilling services at the time of this incident. Croke contends, however, that 46 U.S.C. § 30105(c) creates an exception to the exclusion which applies in this case because Croke does not have an available and adequate remedy in either Canada or Nigeria. Croke submits the affidavit of David F. McEwen ("McEwen"), a Canadian Barrister and Solicitor, who states that: (1) Croke's Canadian causes of actions are subject to a three year time bar that cannot be extended, and (2) that PPI cannot be served with legal process in Canada. (Rec. Doc. 331-2, pps. 2-3) Croke does not submit an affidavit from a Nigerian legal expert,

---

overlaying the continental shelf of a country other than the United States; and

**(3)** the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces.

46 U.S.C.A. § 30105(b) (West).

but rather asserts that the Court has already ruled that Nigeria is not an available forum for this litigation. See Rec. Doc. 44, p. 7.

In reply, Defendants argue that Croke has failed to meet his burden of proving that he has no legal remedy in Nigeria or Canada. Defendants contend that Croke erroneously merges the legal remedy analysis of 46 U.S.C. § 30105(c) with the *forum non conveniens* "availability" analysis. Defendants assert that, even if Croke does not *currently* have a remedy in Canada or Nigeria, he had one at the start of litigation, and that is the relevant inquiry under 46 U.S.C. § 30105(c). Using this standard, Defendants aver that McEwen's affidavit is insufficient because it is silent on whether a cause of action ever existed at all in Canada. Defendants contend that allowing Croke to prevail on his interpretation of this statute would lead to the exception swallowing the rule because, to gain access to U.S. courts, a foreign seaman would need only to wait until their claims prescribe in other jurisdictions.

In regards to Croke's potential claims in Nigeria, or lack thereof, PPI contends that Croke's reliance on the Court's prior order is insufficient to meet his burden of proving that Nigerian law does not provide a remedy. PPI points out that the order rules on the availability of Nigeria as a forum, not on the existence of a legal remedy; and, in fact, this Court in Costinel v. Tidewater, Inc., No. 10-1567, 2011 WL 446297 (E.D. La. Feb. 3, 2011) held that Nigeria does provide a legal remedy for similar claims.

5

Finally, Croke contends that the instant motions are untimely because the scheduling order in this matter notes that jurisdiction and venue have been established, and such a notation waives further jurisdictional challenges.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict

if the evidence went uncontroverted at trial.'"  Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  See Celotex, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  See id. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.  See, e.g., id. at 325; Little, 37 F.3d at 1075.

## DISCUSSION

### A. Jones Act Exclusion

The parties agree that § 30105(b) applies to bar Croke's Jones Act and general maritime claims; therefore, the relevant issue is whether § 30105(c) applies to create an exception to the foreign seaman exclusion. This provision states:

> **(c) Nonapplication.**--Subsection (b) does not apply if the individual bringing the action establishes that a remedy is not available under the laws of--
>
> > **(1)** the country asserting jurisdiction over the area in which the incident occurred; or
> >
> > **(2)** the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident.

46 U.S.C.A. § 30105(c) (West). Therefore, Croke may bring his claims if he can establish that there is no remedy available to him under the laws of Nigeria or the laws of Canada. Because the burden in this case is on the nonmoving party, Defendants must merely show that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325.

**1. Nigerian Legal Remedies**

Plaintiff has not submitted an affidavit concerning the availability of a legal remedy in Nigeria. Instead, he simply points to a prior order in this matter wherein, in the context of a motion to dismiss on the basis of *forum non conveniens*, the Court held that Nigeria was not an available forum because PPI refused to submit to the jurisdiction of a Nigerian court. (Rec. Doc. 44, p. 7) By referencing the Court's prior order, Croke seems to argue that Nigerian law cannot provide a remedy because PPI cannot be served there. Even accepting that PPI cannot be served in Nigeria, this argument is simply not sufficient to meet his burden to prove

that no legal remedy exists in Nigeria.

The instant motion does not ask whether Nigeria is an available *forum*, but rather asks whether a remedy is available in Nigeria. The meaning of "available remedy" as it relates to 46 U.S.C. § 31015(c) is not defined, and case law provides little guidance. Plaintiff offers no support, however, for the contention that § 30105(b)'s "available remedy" is synonymous with *forum non conveniens*'s "available forum." Under the *forum non conveniens* analysis, "availability" of a forum is narrow inquiry which considers whether "the entire case and all parties can come within the jurisdiction of that forum." See Rec. Doc. 44, p. 5. And, based on the Court's prior order on this subject, it is clear that Nigeria is unavailable in this sense because PPI cannot be, and will not agree to be, served in Nigeria. See Rec. Doc. 44, p. 7. Availability in the context of *forum non conveniens*, however, focuses more on the jurisdictional availability of a forum and does not even consider whether a remedy exists under the laws of the alternative jurisdiction. Rather, it is the "adequacy" prong of the *forum non conveniens* analysis that considers the presence of a legal remedy. 14D *Fed. Prac. & Proc. Juris.* § 3828.3 (3d ed.) ("alternative forum is adequate so long as the plaintiff will not be deprived of all remedies or subjected to unfair treatment there.") Under this prong of the analysis, the Court's prior order held that there was an adequate remedy in Nigeria based on the

9

facts that: (1) most American courts have found Nigeria to be an adequate forum in the context of *forum non conveniens*, and (2) Plaintiff failed to point to any cases wherein any court held that Nigeria did not offer provide a remedy. Moreover, as is pointed out by PPI, this Court found in Costinel that Nigeria did provide a legal remedy for a plaintiff's Jones Act and unseaworthiness claims. Costinel, 2011 WL 446297 at *5.

Without the Court's prior argument as support, Plaintiff has put forth no evidence to prove that he does not have a legal remedy in Nigeria; therefore, the Court must grant Defendants' motions for partial summary judgment based on 46 U.S.C. § 30105(b). See Dunsby v. Transocean, Inc., 329 F.Supp.2d 890, 894 (S.D. Tx. Jul. 30, 2004) (Plaintiff failed to meet his burden because he did not dispute that Chinese law provided a remedy, and he had access to Australian courts that could and would apply Chinese law), Brown v. Atwood Oceanics, Inc., 676 F.Supp. 720, 721 (M.D.La. Jan. 21, 1988) (Plaintiff failed to meet his burden of proving that no remedy existed when he submitted a self-serving affidavit that India did not provide a remedy and no evidence that the United Kingdom did not provide a remedy.) This result, though seemingly harsh, is supported by both the language of the statute and Congress's intent in creating this provision:

> Excerpts from the Congressional Record containing statements by members of the Louisiana Congressional delegation during the hearings on the amendment to the Jones Act demonstrate that they were concerned that

10

>United States companies engaged in the offshore oil and gas business were at a competitive disadvantage because foreign seamen were able to sue them in our federal and state courts. The Congressmen were also concerned about forum shopping and the expenses and case backlogs of our judicial systems.

Bolan v. Tidewater, Inc., 97-2020 (La. App. 4 Cir. 3/25/98), 709 So. 2d 1059, 1061 writ denied, 720 So. 2d 1212 (La. 1998);Vaz Borralho v. Keydril Co., 710 F.2d 207, 211 (5th Cir. 1983) (discussing legislative history). Therefore, because Plaintiff has failed to meet his burden of proving that there is no remedy available in Nigeria, the Court finds that, pursuant to 46 U.S.C. § 30105(b), Plaintiff's claims are barred.

**B. Waiver**

Plaintiff contends that his claims should not be barred because Defendants have waived their right to assert this defense by not bringing it earlier in litigation. Defendants, on the other hand, argue that 46 U.S.C. § 30105(b) strips the Court of subject matter jurisdiction, and challenges to subject matter jurisdiction may be brought at any time. Further, PPI points out that it has consistently argued that Croke "has sued the wrong party, in the wrong place, under the wrong law." (Rec. Doc. 345, p. 3)

Courts are in disagreement about whether 46 U.S.C. § 30105(b) strips United States courts of jurisdiction, or whether this provision simply denies the foreign plaintiff's cause of action under certain laws. Oyuela v. Seacor Marine (Nigeria), Inc., 290 F. Supp. 2d 713, 724 (E.D. La. 2003) (holding that this provision

"does not strip federal courts of jurisdiction; it merely denies the foreign plaintiff a cause of action under the substantive maritime tort and compensation laws of the United States."); but see Soares v. Tidewater, Inc. 895 So.2d 568 (finding a jurisdictional bar and expressly disagreeing with Oyuela). The Court, however, need not determine whether Defendants' motions raise challenges regarding the existence of a cause of action or of subject matter jurisdiction because, under Federal Rule of Civil Procedure 12(h), both of these types of challenges are "expressly preserved against waiver" and may be brought up in a motion for summary judgment. Fed. R. Civ. Pro. 12(h)(2)-(3); Horwitz v. Food Town, Inc., 241 F. Supp. 1, 1 (E.D. La. May 6, 1965). Therefore, Defendants have not waived their challenge based on 46 U.S.C. § 30105(c).

### C. Leave to Amend

Croke requests that the Court allow him leave to amend his claim to assert foreign law claims. Croke admits, however, that such claims are "moot and unavailable as [Defendants] waited to file [the] present motion[s] until whatever remedies Croke may have had under Canadian law" have prescribed. (Rec. Doc. 320-1, p. 2) As Plaintiff admits that leave to amend would be futile, the Court denies his request for leave to amend his complaint.

Accordingly,

Defendant PPI Technology Services, LP's **Motion for Summary**

**Judgment on Application of Foreign Seaman Exclusion to Claims of Robert Croke (Rec. Doc. 310)** and Defendants GlobalSantaFe Offshore Service, Inc. and Transocean Offshore Deepwater Drilling, Inc.'s **Motion for Summary Judgment on Application of Foreign Seaman Exclusion to Claims of Robert Croke (Rec. Doc. 320)** are **GRANTED**.

**IT IS ORDERED** that Plaintiff Robert Croke's claims against PPI, GlobalSantaFe, and Transocean Deepwater Drilling, Inc. are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 6th day of March, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE