```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHNSON                                    CIVIL ACTION

VERSUS                                     NO: 11-2773 C/W
                                           12-1534

                                           APPLIES TO ALL
                                           CASES

PPI TECHNOLOGY SERVICES, LP                SECTION: "J" (3)
ET AL.
```

### ORDER

Before the Court is Third-Party Plaintiff/Defendant PPI Technology Services, LP ("PPI")'s **Motion to Enforce This Court's Judgment on The Insurance Company of Pennsylvania's Duty to Defend PPI, and Certify That Judgment As Final Under Rule 54(B) (Rec. Doc. 388)**, Third-Party Defendants The Insurance Company of the State of Pennsylvania and Commerce & Industry Insurance Company (collectively, "ISOP")'s opposition to the motion (Rec. Doc. 427), and PPI and ISOP's separate replies thereto.[1] The motion was set for hearing, on the briefs, on April 23, 2014. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that PPI's motion should be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth more fully below.

---

[1] Both parties filed motions for leave to file surreply memoranda which are hereby **GRANTED**. (Rec. Docs. 439, 440)

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This matter originally arises from two maritime personal injury actions wherein Plaintiffs James Johnson and Robert Croke each alleged that they were suffered injuries when gunmen attacked the HIGH ISLAND VII, a jack-up drilling rig off the coast of Nigeria, on which Johnson and Croke were working. After the litigation commenced, PPI filed a third-party complaint against its insurer, ISOP, wherein it seeks a declaratory judgment that ISOP owes coverage to PPI and asserts claims for breach of contract and various violations of the Texas Insurance Code. In November 2013, PPI and ISOP filed cross motions for summary judgment concerning ISOP's duty to defend PPI against Johnson and Croke's claims. (Rec. Doc. 284, 291). On December 17, 2013, the Court granted PPI's motion for summary judgment finding that none of the exclusions to coverage invoked by ISOP applied and that, consequently, ISOP has a duty to defend PPI in this case. (Rec. Doc. 305) In connection with that Order, PPI moves the Court for an order enforcing the judgment and for an order finding that the judgment is an appealable, partial final judgment under Federal Rule of Civil Procedure 54(b).

**LEGAL STANDARD AND DISCUSSION**

**A. Final Judgment Under FRCP 54(b)**

PPI argues that courts frequently designate judgments regarding an insurer's duty to defend as partial, final judgments,

2

and that such a designation is appropriate in this case. ISOP, on the other hand, argues that such a designation is premature in light of the fact that PPI "is asserting claims for attorney's fees incurred in this case and makes extra-contractual claims which remain unadjudicated." (Rec. Doc. 427). Though ISOP does not specify which claims it references, the Court assumes it refers to claims under the Texas Insurance Code. (Rec. Doc. 151, pps. 14-15).

Federal Rule of Civil Procedure 54(b) states that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Pursuant to this rule, courts have discretion to give an "express direction for the entry of judgment" when it determines "that there is no just reason for delay" so as to avoid "a delay in the effectiveness of a decision on a distinctly separate claim while the parties awaited adjudication of the entire case." Jasmin v. Dumas, 726 F.2d 242, 244 (5th Cir. 1984). Courts have found that a partial final judgment under Rule 54(b) is appropriate for judgment's involving an insurer's duty to defend. Lauren Plaza Associates, Inc. v. Gordon H. Kolb Dev., Inc.,

No. 91-703, 1993 WL 302695 (E.D. La. Aug. 3, 1993) aff'd sub nom. Lauren Plaza Associates, Ltd. v. Gordon H. Kolb Developments, Inc., 12 F.3d 208 (5th Cir. 1993)("The weight of authority suggests that a partial summary judgment on the insurer's duty to defend is appropriate for certification as a final judgment under Fed.R.Civ.P. 54(b)").

In this matter, PPI's defense costs will only continue to accumulate and PPI will suffer prejudice in having to await final resolution of this entire action. Further, the Court's interpretation of the Terrorism Exclusion in the Policy at issue deals with an issue of first impression and is a vital part of the remaining issues; therefore, expeditious and final resolution on that issue will facilitate this litigation as a whole. Finally, because the underlying lawsuits by Johnson and Croke have been dismissed leaving only PPI's various third-party complaints for resolution, this appeal will not prejudice the original plaintiffs by delaying the adjudication of the main demand. Accordingly, the Court will grant PPI's motion to designate its judgment on the duty to defend as a partial final judgment under FRCP 54(b).

**B. Enforcement of Judgment**

In light of the Court's decision that it will designate its judgment as a partial, final judgment, PPI's motion will be denied inasmuch as it seeks an order requiring ISOP to render payment within seven days.

4

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** inasmuch as it seeks a designation that the Court's December 17, 2013 judgment finding that ISOP had a duty to defend PPI is a partial final judgment under Federal Rule of Civil Procedure 54(b) and the Court will enter a partial final judgment to that effect. In so ordering, the Court expressly determines that there is no just reason for delay making it appropriate to enter partial final judgment under Federal Rule of Civil Procedure 54(b).

**IT IS FURTHER ORDERED** that the motion is **DENIED** inasmuch as it requests that the Court enter an order enforcing the judgment.

New Orleans, Louisiana this 24th day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE