UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNSON | CIVIL ACTION |
| VERSUS | NO: 11-2773 C/W 12-1534 |
| | APPLIES TO 12-1534 |
| PPI TECHNOLOGY SERVICES, LP ET AL. | SECTION: "J" (3) |

                          **ORDER & REASONS**

    Before the Court is Third Party Plaintiff PPI Technology Services, L.P ("PPI")'s **Motion for Summary Judgment on the Contractual Defense and Indemnification Obligations of MOJO Directional Corporation, or in the Alternative, Motion for Entry of Default Judgment against MOJO Directional Corporation (Rec. Doc. 361)**, MOJO Directional Corporation ("MOJO")'s opposition thereto (Rec. Doc. 383), and PPI and MOJO's supplemental memoranda regarding this Court's personal jurisdiction over MOJO. (Rec. Docs. 449 & 450). The motion was set for hearing on March 26, 2014, on the briefs. Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds, for the reasons set forth more fully below, that PPI's third party claims against MOJO should be dismissed for lack of personal jurisdiction and that PPI's motion for summary judgment must be **DENIED AS MOOT.**

                                    1

**FACTS AND PROCEDURAL HISTORY**

The Court has, on several occasions, summarized the underlying complaints in this matter wherein it is alleged that Nigerian gunmen boarded the HIGH ISLAND VII, a jack-up drilling rig located off the coast of Nigeria, and attacked certain members of the crew. Two of the directional drilling supervisors on the rig, consolidated plaintiffs James Johnson ("Johnson") and Robert Croke ("Croke"), both allege that they suffered injuries as a result of the attack.[1]

As a result of the attack on the HIGH ISLAND VII, Johnson filed suit in November 2011, and Croke subsequently filed a separate complaint in June 2012 that was consolidated with Johnson's suit.[2] In PPI's answer to Croke's complaint, which was filed on January 24 2013, PPI tendered Croke's alleged employer, Vagabond Services, Ltd. ("Vagabond"), as a defendant pursuant to Federal Rule of Civil Procedure 14(c) and asserted a Third Party Complaint against Vagabond based on its alleged contractual duty to defend and indemnify PPI. (Rec. Doc. 138) Then, on May 3, 2013, PPI tendered MOJO as a Defendant pursuant to Federal Rule of Civil Procedure 14(c) and also filed a Third Party Complaint against MOJO

---

[1] For a more thorough summary of the facts, see this Court's Order and Reasons dated March 6, 2014. (Rec. Doc. 364)

[2] Croke's suit was recently dismissed in its entirety when the Court granted PPI's motion for summary judgment. (Rec. Doc. 364) PPI contends, at least implicitly by continuing to pursue the instant motion for summary judgment, that the Third Party Complaint currently at issue is still a live claim, however.

alleging that MOJO had a contractual duty to defend and indemnify PPI under the terms of a Consulting Agreement between PSL, Ltd. ("PSL") and MOJO. (Rec. Doc. 202) MOJO was served with summons on July 18, 2013. Following an extension of time to file responsive pleadings, MOJO filed a motion to dismiss for lack of jurisdiction on October 8, 2013. (Rec. Doc. 273) Having been faced with similar motions in this action, the Court denied MOJO's motion without prejudice and granted a 45-day period to conduct limited discovery on jurisdiction. (Rec. Doc. 282) Following the discovery period, MOJO never re-urged its motion; however, in accordance with the Court's scheduling order, MOJO filed its witness and exhibit lists on February 3, 2014 (Rec. Doc. 328). Additionally, MOJO filed a motion to sever that was granted (Rec. Docs. 356 & 394) and a motion to dismiss the Rule 14(c) tender that was dismissed as moot following this Court's dismissal of Croke's claims. (Rec. Docs. 358 & 394)

PPI filed the instant motion for summary judgment on February 25, 2014. (Rec. Doc. 361) In its response to the motion, MOJO argues that entry of a default judgment would be improper because the Court lacks personal jurisdiction over it. Finding that the personal jurisdiction issue is ripe for resolution, the Court ordered additional briefing to address the issue. (Rec. Doc. 390) On April 25, 2014, both MOJO and PPI filed additional briefs on this issue, and the Court took the issue under advisement. After a

review of the parties' memoranda, and for the reasons set forth more fully below, the Court finds that the it does not have personal jurisdiction over MOJO in the instant matter.[3]

## LEGAL STANDARD & DISCUSSION

The party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id.* This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.* Courts in the Fifth Circuit apply the following standard, set forth in *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), when determining whether personal jurisdiction exists:

> The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct.

---

[3] Though the Court may not dismiss a claim *sua sponte* for want of personal jurisdiction, it may raise the issue and subsequently dismiss a claim as long as it gives "the parties an opportunity to present their views on the issue." *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988); *see also Gonzales v. Lew Sterrett Dallas Cnty. Jail,* 08-1510, 2008 WL 4921428, *3 (N.D. Tex. Nov. 13, 2008)

>   1868, 80 L.Ed.2d 404 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. *Id.* at 414, 104 S.Ct. 1868 n. 9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414, 104 S.Ct. 1868 n. 8.

*Luv N' Care, Ltd.*, 438 F.3d at 469 (footnotes omitted). PPI asserts that both general and specific jurisdiction exist; therefore, both will be discussed below.

### A. General Jurisdiction

General jurisdiction is difficult to establish. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). The Fifth Circuit recently described the types of contacts required to establish general jurisdiction:

>   General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir.1999) (citation omitted). The contacts must be reviewed in toto, and not in isolation from one another. *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 779 (5th Cir.1986); *see also Religious Tech. Ctr.,* 339 F.3d at 374 (citations omitted) ("None of the activities individually constitutes a substantial or meaningful contact with Texas, Texas law, or Texas residents, and certainly considered *in toto* they fail to amount to continuous and systematic contact with Texas such that general jurisdiction is created."). But vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction. *See Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 596 (5th Cir.1999).

*Johnston*, 523 F.3d at 610.

PPI asserts that this Court has general jurisdiction over MOJO because: (1) MOJO held itself out as an entity that conducts business in the United States on its website and on its Facebook page, (2) MOJO's president and and vice-president traveled to the United States on behalf of MOJO and in connection with the Nigerian drilling project at issue in this litigation, (3) MOJO was party to a loan agreement whereby it allowed its United States entity ("Mojo U.S.") to use a MOJO vehicle in the United States, and (4) MOJO entered into an ongoing contractual relationship with Gardes Energy Services, Inc. ("Gardes"), a Louisiana company, whereby MOJO would supply support services for Gardes' projects, and that relationship is governed by Louisiana law.

PPI cites to no case law to establish that such contacts would be considered "systematic and continuous" so as to create general jurisdiction. Moreover, the contacts on which PPI relies largely occurred outside of Louisiana. The websites referred to never mention Louisiana. (Exh. A., Rec. Doc. 449-1) The meeting in the United States with MOJO's president and vice-president occurred in Texas, not Louisiana. (Exh. C., Rec. Doc. 449-3, p. 3, lns. 12-13) The "Mojo U.S." vehicle to which PPI refers is also in Texas. (Exh. C., Rec. Doc. 449-3, p. 4, ln. 17) As to MOJO's relationship with Gardes, it appears that this is just one contract, with one entity, over a relatively short period of time. There is no indication that MOJO has set up an office in Louisiana, started using bank

accounts in Louisiana, appointed an agent for service of process in Louisiana, or taken any other action consistent with a finding of general jurisdiction. *See Johnston*, 523 F.3d at 614. Rather, it appears that, *at the very most*, MOJO is doing *some* business *with Louisiana*, but not *in Louisiana*, which is simply not sufficient to create general jurisdiction. *Id*. at 611.

### B. Specific Jurisdiction

To establish specific jurisdiction:

> A federal court may satisfy the constitutional requirements for specific jurisdiction by a showing that the defendant has "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154. In *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir.2002), we consolidated the personal jurisdiction inquiry into a convenient three-step analysis: "(1) whether the defendant ... purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). The forum state may create, and this court would be bound to apply, additional jurisdictional restrictions by statute, *Adams*, 220 F.3d at 667, but Louisiana's "long-arm" statute extends jurisdiction to the constitutional limit, La. R.S. 13:3201(B), so the two inquiries in this case fold into one.

*Luv N' Care, Ltd.*, 438 F.3d at 469 (footnotes omitted).

MOJO asserts that specific jurisdiction does not exist because it has not purposefully availed itself of the laws of Louisiana and because PPI's cause of action does not arise out of any forum-

7

related contacts. MOJO points out that the instant claims arose out of: (a) a hostage incident that occurred off the coast of Nigeria, and (b) an indemnity contract between PSL, a Belizean entity, and MOJO, a Canadian entity. Therefore, MOJO argues, it is clear that MOJO did not purposefully avail itself of the laws of Louisiana. Further, MOJO contends that it does not have sufficient minimum contacts with Louisiana. In support of this contention, MOJO offers the following:

- MOJO provides services in international oil fields, not U.S. oil fields (Exh. 4, Rec. Doc. 450-4, p. 2, lns. 20-25)

- MOJO does not maintain or operate any office in the U.S. (Exh. 5, Rec. doc. 450-5, p. 7)

- MOJO does not maintain a bank account or an similar financial service in the U.S. (Exh. 5, Rec. doc. 450-5, p. 5)

MOJO further avers that *at best*, its only contact with Louisiana is the Gardes Agreement, which has no connection to Croke, Johnson, PPI, or any of the issues and claims in the instant matter.

Despite MOJO's contentions to the contrary, PPI contends that specific jurisdiction exists because the instant claims are breach of contract claims relating directly to litigation that is in this Court. Specifically, MOJO breached its alleged contractual obligation to indemnify PPI after suit was filed in Louisiana. Further, PPI argues that MOJO purposefully availed itself of the laws of Louisiana when it entered into the Gardes Agreement because

8

that agreement contains a clause requiring all claims to be brought in Louisiana courts.

Based on the evidence presented, it is abundantly clear that specific jurisdiction does not exist. MOJO's only connection with Louisiana is the Gardes Agreement; and even assuming for the moment that this contact constitutes sufficient minimum contacts, that agreement is wholly unrelated to the instant claims, and PPI does not offer any support for its theory that MOJO's signing an agreement with an unrelated entity that includes a forum selection clause confers personal jurisdiction over MOJO in Louisiana in unrelated actions. Therefore, the Court finds that the fact that MOJO agreed to litigate issues with Gardes in Louisiana is not a sufficient basis to find specific jurisdiction over MOJO in this action. Accordingly, as there is no other evidence that MOJO has any other contact with Louisiana, the Court finds that specific jurisdiction does not exist over MOJO in connection with the instant litigation.[4]

Accordingly,

**IT IS ORDERED** that Third Party Plaintiff PPI Technology

---

[4] The Court notes that MOJO provided briefing concerning the Court's personal jurisdiction over Vagabond as well. While the evidence presented indicates that personal jurisdiction is unlikely to exist over Vagabond, the Court may not rule on that issue because the order regarding supplemental briefing only requested briefs concerning MOJO, and PPI followed that order and only presented argument concerning MOJO. Therefore, as notice and an opportunity to be heard is required prior to dismissal for personal jurisdiction, the Court declines to rule on the issue of personal jurisdiction as it relates to Vagabond. See *Lipofsky*, 861 F.2d at 1258.

Services, L.P.'s third party claims against MOJO Directional Corporation is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that PPI's **Motion for Summary Judgment (Rec. Doc. 361)** is **DENIED AS MOOT.**

New Orleans, Louisiana this 13th day of May, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE